UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHUONG VAN PHAN,<br><br>              Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; and CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, San Diego, California.<br><br>              Respondents. | Case No.: 3:25-cv-2997-JES-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING COUNT ONE OF THE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241;**<br><br>**(2) DENYING AS MOOT COUNT TWO OF THE PETITION AND MOTION FOR TEMPORARY RESTRAINING ORDER; AND**<br><br>**(3) DENYING CLAIM THREE OF THE PETITION FOR LACK OF STANDING AND MOOTNESS**<br><br>**[ECF Nos. 1, 3]** |

Before the Court is Petitioner Phuong Van Phan's ("Petitioner" or "Van Phan") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Motion for a Temporary Restraining Order. ECF No. 1, ("Pet."); ECF No. 3, ("TRO"). The Petition and

TRO were filed on November 4, 2025. *Id*. On that same day, Petitioner also filed a Motion for Appointment of Counsel pursuant to 18 U.S.C. § 3006A(a)(2). ECF No. 2. On November 6, 2025, the Court granted the Motion for Appointment of Counsel and set the briefing schedule for the Petition and TRO. ECF No. 4. Respondents filed their Response on November 12, 2025. ECF No. 7, ("Res."). Petitioner filed his Traverse on November 13, 2025. ECF No. 9, ("Trav."). Thereafter, the Court took the matter under submission.

For the reasons set forth below, the Court **GRANTS** Claim One of the Petition for Writ of Habeas Corpus, **DENIES AS MOOT** Claim Two of the Petition and Motion for Temporary Restraining Order, and **DENIES** Claim Three of the Petition for lack of standing and mootness.

## I.   BACKGROUND

Petitioner is a Vietnamese national and citizen that is currently detained in the Otay Mesa Detention Center. Pet. Ex. A ("Pet. Dec.") ¶ 1. In 1984, Petitioner came to the United States and, soon after, became a lawful permanent resident. *Id.* From 1990 to 2001, Petitioner was convicted of several various criminal charges. *Id.* ¶ 2; Res. at 2. This resulted in the initiation of removal proceedings against Petitioner and an immigration judge ordering him removed on May 6, 2002. Pet. Dec ¶ 2; Res. at 2. In 2014, Petitioner voluntarily removed himself to Mexico. Res. at 2. On June 19, 2014, Petitioner re-entered the United States and attempted to pursue a claim for asylum. *Id*. Petitioner was again placed into removal proceedings and ordered removed by an immigration judge again on September 4, 2014. *Id.*; Pet. Dec. ¶ 3. After Respondents were unsuccessful in obtaining a travel document to Vietnam, for months, Petitioner was released from immigration custody on an order of supervision on December 8, 2014. Res. at 2. Since then, Petition has not violated any conditions of his supervised release. Pet. Dec. ¶ 5.

On September 4, 2025, Petitioner went to the Immigration and Customs Enforcement ("ICE") office for his annual check in and was arrested by ICE. *Id*. ¶ 6. On the same day of his arrest, ICE provided Petitioner with a Notice of Revocation of Release ("Notice 1"). *See* ECF No 7-5 at 1. Then on November 10, 2025, Respondents provided

Petitioner with an amended Notice of Revocation of Release ("Notice 2"). Res. Dec. ¶ 6; *see* ECF No 7-6 at 1. Later that same day, Respondents conducted Petitioner's informal interview pursuant to 8 C.F.R. §§ 241.4 & 241.13. Res. Dec. ¶ 7; ECF No. 7-6 at 3; *see* 8 C.F.R. §§ 241.4(l) & 241.13(i).

Petitioner seeks habeas and injunctive relief from the Court by asserting the following claims: (1) In revoking Petitioner's release, Respondents have failed to comply with their own regulations, which violates the APA and the Fifth Amendment of the U.S. Constitution; (2) Petitioner's re-detention violates *Zadvydas v. Davis* because for the last eleven years, the Government has been unable to remove him and cannot show that there is a "significant likelihood of removal in the reasonably foreseeable future." 533 U.S. 678, 701 (2001); and (3) Respondents' practice of removing noncitizens, such as Petitioner, to a third country without providing an opportunity to assert fear of persecution or torture before an immigration judge also violates the Due Process Clause of the Fifth Amendment. Pet. at 3-4.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

//

Habeas corpus is "perhaps the most important writ known to the constitutional law ... affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

### III.   DISCUSSION

The Court finds that the Parties' arguments with respect to whether: (1) the Court has jurisdiction to hear this petition; (2) the Government failed to comply with its own regulations when it revoked Petitioner's release; and (3) Petitioner's detention comports with *Zadvydas*, are analogous—if not identical—to those raised in the Court's recent decision in *Saengphet v. Noem, et al.*, No: 25-cv-2909-JES-BLM, 2025 WL 3240808, at *2-9 (S.D. Cal. Nov. 20, 2025). The Court, therefore, elects to follow the reasoning it stated in *Saengphet* and incorporates it by reference. *Id*.

#### A.   Jurisdiction

The Court finds that 8 U.S.C. § 1252's jurisdiction stripping provisions do not bar this Court from considering Petitioner's habeas petition. Therefore, the Court has jurisdiction to hear Claims One and Two of the Petition.

Turning to Claim Three of the Petition, the Government does not intend to deport Petitioner to a Third Country. Res. Dec. ¶ 8. As a result, the Court finds that Petitioner cannot show the threat of imminent harm or the existence of an active case or controversy with respect to him being removed to a third country. Thus, Petitioner lacks standing to bring his third claim, which the Court also finds is moot. Accordingly, the Court dismisses Claim Three of the Petition.

#### B.   Respondents' Regulatory Noncompliance Violates Due Process

The Court finds that the Government failed to comply with its regulations that govern the revocation of noncitizen's release, which resulted in a violation of the Due Process Clause of the Fifth Amendment. As a result, Claim One of the Petition will be

granted, and Respondents will be ordered to release Petitioner. This holding is based on the following findings:

(1) Notice 1 is defective as its reasonings for revoking Petitioner's release fail to articulate what facts, specific to Petitioner, constitute changed circumstances in support of ICE's determination that there is "significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R § 241.13(2). Thus, its justifications are conclusory and, therefore, fall short of what the regulation requires *See id.*; s*ee Sarail A. v. Bondi*, ---F. Supp. 3d ---, 2025 WL 2533673, at *10 (D. Minn. 2025).

(2) Although Notice 2 provides more information to Petitioner, it is also defective. It is defective because the notice merely states that circumstances have changed, and that Petitioner can be removed expeditiously. *See* ECF No 7-6 at 1. This too is overly conclusory and fails to provide Petitioner with adequate notice of the Government's reasons for revoking his release, which he must overcome in the informal interview to regain his freedom. *See Sarail*, 2025 WL 2533673, at *10; *see* 8 C.F.R §§ 241.13(2)-(3).

Also, Notice 2 was provided on the same day that ICE conducted Petitioner's informal interview. The provision of inadequate notice to a Petitioner who seeks to regain his freedom is untenable. To provide such notice immediately before the proceeding in which, pursuant to the regulatory scheme, Petitioner may challenge his detention by overcoming the stated reasons in the notice, is an egregious violation of due process. *See* 8 C.F.R §§ 241.13(2)-(3); *see also See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

(3) The Government failed to "promptly" provide Petitioner with an informal interview as required under 8 C.F.R § 241.13(3). ICE arrested Petitioner on September 4, 2025, but did not conduct his informal interview until November 10, 2025. That is *sixty-seven days* after he was arrested—and more interestingly—six days after the filing of this Petition.

      The Court cannot help but contemplate, whether, but for, Petitioner filing this action, would he have ever received an informal interview, which he is entitled to under federal law. *See* 8 C.F.R § 241.13(3). Regardless, a sixty-seven day delay may never be construed as "promptly," especially within the context of the Government's regulatory compliance with procedural safeguards that protect the Constitutional rights of detained persons. *Id*.

### C. Petitioner's *Zadvydas* Claim and Temporary Restraining Order

Having ruled on the Petition on the merits, the Court declines to address Claim Two or apply the *Winter* factors to determine whether to issue a TRO. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court, therefore, **DENIES AS MOOT** Claim Two of the Petition and the Motion for Temporary Restraining Order.

### IV.  CONCLUSION

In sum, the Government failed to follow its own regulations when it: (1) revoked Petitioner's release because it failed to provide him with adequate notice of its reasons for doing so; (2) provided Petitioner with such notice in an untimely manner, resulting in substantial prejudice when he challenged the revocation of his release; and (3) allowed for sixty-seven days to pass before conducting Petitioner's informal interview, despite being required to do so promptly after his re-detention. The Government's noncompliance resulted in a violation of Petitioner's Constitutional due process rights. Accordingly, Petitioner's habeas Petition is **GRANTED** and Petitioner is ordered **RELEASED**.

Based on the foregoing:

(1)    The Court **GRANTS** Claim One of the Petition;

(2)    The Court **DENIES** Claim Three of the Petition for lack of standing and mootness;

(3)    As Petitioner's sought after relief was granted with respect to Claim One, the Court **DENIES AS MOOT** Claim Two of the Petition and the Motion for Temporary Restraining Order;

(4) Respondents are **ORDERED** to immediately release Petitioner from custody, under the same conditions as previously imposed, and to **FILE** a Notice of Compliance to confirm when the Petitioner has been released;

(5) In the event Petitioner seeks further habeas relief arising from the Government's conduct related to its future execution of the removal order, Petitioner must **FILE** a new Petition; and

(6) The Clerk of Court is **DIRECTED** to close this suit.

**IT IS SO ORDERED.**

Dated: November 25, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge